IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE DIGSBY
    Petitioner,

v.                                             Case No. 3:12cv605/MCR/CJK

MICHAEL D. CREWS,[1]
    Respondent.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

This cause is before the Court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The petition was originally received in the United States Court of Appeals for the Eleventh Circuit, and was transferred to this Court on December 21, 2012. (Doc. 1, Attach., USCA Letter, Dec. 21, 2012). Petitioner seeks, pursuant to 28 U.S.C. § 2254(a), "to recall, quash and vacate" the Eleventh Circuit's opinion in *Digsby vs. McNeil*, 627 F.3d 823 (11th Cir. 2010), which affirmed this Court's denial of petitioner's prior § 2254 petition on the merits. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized

---

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

"second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that the petition should be dismissed for lack of jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a Florida prisoner serving a ten-year sentence for a felon-in-possession-of-a-firearm conviction. Petitioner challenged this conviction by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court, raising two claims: (1) ineffective assistance of direct appellate counsel for failing to argue that petitioner's conviction of being a felon in possession of a firearm violated double jeopardy and was barred by collateral estoppel and (2) violation of due process and equal protection at sentencing when the trial court failed to inform petitioner of his right to appointment of counsel other than from the Public Defender's office to file a motion for new trial preserving claims of ineffective assistance of trial counsel for review on direct appeal. *See Digsby v. McNeil*, Case Number 3:07cv540/MCR/WCS, Docs. 1, 22). This Court denied the petition on the merits. (*Id.*, Docs. 31, 32). The Eleventh Circuit granted a certificate of appealability on one issue: "Whether the district court erred by finding that appellate counsel was not ineffective for failing to raise on direct appeal the issue of whether collateral estoppel barred the state from prosecuting a charge of possession of a firearm by a convicted felon, after the appellant was acquitted of aggravated battery with great bodily harm and discharging a firearm?" (*Id.*, Doc. 51). On December 7, 2010, the Eleventh Circuit affirmed the denial of federal habeas relief, holding that the state courts' denial of relief on petitioner's ineffective assistance of appellate counsel claim was not contrary to, or an unreasonable application of, clearly established federal law. *Digsby v. McNeil*, 627 F.3d 823 (11th Cir. 2010). Petitioner's motion for rehearing was denied on

January 21, 2011. *Digsby v. McNeil*, No. 09-10978, 411 F. App'x 300 (11th Cir. 2011). The United States Supreme Court denied petitioner's petition for writ of certiorari on May 31, 2011. *Digsby v. Buss*, 131 S. Ct. 2936, 180 L. Ed. 2d 230 (2010). Petitioner's motion for rehearing was denied on August 15, 2011. *Digsby v. Buss*, 132 S. Ct. 60, 180 L. Ed. 2d 928 (2011). Petitioner's next filing was the instant "Petition for Writ of Habeas Corpus" dated November 25, 2012. (Doc. 1, p. 9).

As noted earlier, petitioner originally filed this petition in the Eleventh Circuit. (Doc. 1, Attach., USCA Letter, Dec. 21, 2012). The Eleventh Circuit received the petition on November 28, 2012, and returned it to petitioner by letter of the Clerk dated December 7, 2012. (*Id.*). Petitioner re-returned the petition to the Eleventh Circuit, accompanied by a "Notice of Intent to File a Petition for Writ of Mandamus". (*Id.*). The Eleventh Circuit found that petitioner's "Notice" did not comply with the guidelines for a writ of mandamus, and transferred the accompanying petition for writ of habeas corpus to this Court "for whatever action you deem appropriate." (*Id.*).

DISCUSSION

Petitioner's present petition asserts that petitioner is entitled to immediate release from custody because his court-appointed counsel in the federal habeas appeal "rendered prejudicial ineffective assistance of counsel" (doc. 1, p. 1) by "fail[ing] to point out that the District Court's findings of fact were clearly erroneous and its legal conclusions were contrary to, or involved an unreasonable application of, clearly established United States Supreme Court Law." (*Id.*, p. 9). Petitioner emphasizes that he is <u>not</u> raising a claim that he was denied the right to effective assistance of counsel during his federal habeas proceeding, "because there is no right to counsel

in federal habeas corpus proceedings in the district court nor on appeal in [the Eleventh Circuit]." Rather, petitioner contends, the present habeas petition is being used to "point[ ] out that the statement of facts utilized by [the Eleventh Circuit] from the court below were completely and manifestly unsupported by the record and reality." (*Id.*, pp. 2-3). Petitioner sets forth his version of "the actual facts in existence" (*id.*, pp. 4-9), argues the merits of his ineffective assistance of direct appellate counsel claim (*id.*, pp. 9-15), and maintains that the interests of justice require this Court to "issue its writ of habeas corpus granting relief unconditionally discharging petitioner from custody <u>immediately</u>." (*Id.*, p. 9).

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain an order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The instant petition is "a second or successive" habeas corpus application. Petitioner styles his pleading as a petition for writ of habeas corpus; petitioner's asserted jurisdictional basis is 28 U.S.C. § 2254(a); and petitioner's pleading attacks this Court's and the Eleventh Circuit's previous resolution of petitioner's ineffective assistance of direct appellate counsel claim on the merits. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005) (holding that a motion for relief from judgment seeking to advance one or more substantive claims, for example, by attacking the federal court's previous resolution of a claim on the merits, qualifies as a "second or successive habeas petition" under 28 U.S.C. § 2244(b)); *id.* at 2648 n. 5 (noting that where the federal habeas court has already denied the habeas petition on the merits, "an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably") (internal citation omitted); *Franqui v. Florida*, 638 F.3d 1368 (11th Cir. 2011) (holding that federal habeas petitioner's motion for relief from judgment asserting that federal habeas counsel omitted a specific claim from the habeas petition, while couched in the terms of a Rule 60(b) motion, was, in effect, an attempt at getting a second opportunity at habeas corpus relief without first securing the Eleventh Circuit's permission to file a second or successive habeas petition; therefore, the district court was required to dismiss the motion for lack of subject-matter jurisdiction). Because petitioner did not first secure the Eleventh Circuit's permission to file a second or successive habeas corpus petition, this Court lacks subject-matter jurisdiction to consider petitioner's claim.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That petitioner's habeas corpus petition (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2.  That the Clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).